UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

THE TRUSTEES OF THE UNITED TEAMSTER
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A"

                        Plaintiffs,

               -against-

M.Y. PRODUCE, INC. and
YOUNG KIM,

                   Defendants.
--------------------------------------------------------------------X

Case No. 07 CV 10476
(TPG) (FM)

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR CERTIFICATE OF DEFAULT AGAINST DEFENDANTS M.Y. PRODUCE, INC. AND <u>YOUNG KIM</u>**

STATE OF NEW YORK    )
                       ) s.s.:
COUNTY OF NEW YORK  )

MILO SILBERSTEIN, being duly sworn, deposes and says the following:

1. I am a member of the bar of this Court, and I am a member of the firm of Dealy & Silberstein, LLP, the attorneys of record for the Plaintiffs in this action, the Trustees of the United Teamster Fund, the Trustees of the United Teamster Pension Fund "A" (collectively, the "Plaintiffs").

2. Pursuant to Federal Rules of Civil Procedure 55(a) and Local Civil Rule 55.1, I submit this Affidavit in Support of the Plaintiffs' Motion For Default Judgment Against Defendants, M.Y. Produce, Inc. and Young Kim (the "Defendants"). A copy of the proposed Clerk's Certificate of Default is annexed hereto as Exhibit "A".

3. This is an action seeking (1) the recovery of the remaining balance owed by Defendants pursuant to a Stipulation and Order of Settlement ("Stipulation") which resolved a lawsuit

commenced by the Funds on March 9, 2006 against M.Y. Produce, Inc. and Defendant

Young Kim captioned <u>The Trustees of the United Teamster Fund and the Trustees of the</u>

<u>United Teamster Pension Fund "A" v. M.Y. Produce Inc. and Young Kim,</u> Case No. 06-

CV-1875, in the amount of $10,448.00, plus interest at nine (9%) percent; (2) the recovery

of delinquent contributions from Defendant M.Y. Produce, Inc. ("M.Y. Produce") owed

for the period of September 2007 through January 2008 in an amount to be determined at

trial but believed to exceed $8,292.62, pursuant to the provisions of the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 <u>et seq.</u>, and the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (3) the recovery of

delinquent contributions resulting from breach of fiduciary duty by Defendant Young Kim,

a principal and corporate officer of M.Y. Produce, pursuant to ERISA.

4.    Jurisdiction of the subject matter of this action is based on federal question jurisdiction

pursuant to 28 U.S.C. § 1331.

5.    This action was commenced on November 20, 2007 by the filing of the Summons and

Complaint, a copy of which is annexed hereto as Exhibit "B".

6.    Two (2) separate copies of the Summons and Complaint were served on Defendant M.Y.

Produce on November 29, 2007 by personal service upon Carol Vogt, a Clerk in the Office

of the New York Secretary of State, in the City of Albany, State of New York with the

statutory fee of $40.00 at the time of service.

7.    A copy of the Summons and Complaint was also served on Defendant M.Y. Produce on

November 30, 2007, at Defendant M.Y. Produce's actual place of business, by personal

service on Defendant Young Kim, a managing agent and person of suitable age and

discretion, at 264-265 Hunts Point Terminal Market, Row B, Bronx, New York 10474.

8.     Thereafter, copies of the Affidavits of Service by the process servers, evidencing that the above named Defendants in this action had been served, were respectively filed with the Court, and are annexed hereto as Exhibit "C".

10.    Defendant Young Kim, who is an individual Defendant in this action, is not a minor.

11.    Defendant Young Kim is not mentally incompetent.

12.    Defendant Young Kim is not in the military service of the United States.

13.    Pursuant to the Federal Rules of Civil Procedure, Defendant M.Y. Produce, Inc. and Defendant Young Kim were required to answer the Complaint in this action, or otherwise move against the Complaint, on or before December 20, 2007.

14.    The Plaintiffs did not receive an Answer from Defendant M.Y. Produce. or Defendant Young Kim or any other response to the Complaint in this action within the time required by the Federal Rules of Civil Procedure.

15.    The time to answer or otherwise move against the Complaint has since expired.

17.    The Plaintiffs now seek the entry of a default judgment against the Defendants.

WHEREFORE, the Plaintiffs respectfully request the entry of a default judgment by the Court as follows:

(1) on the first cause of action, against Defendant M.Y. Produce, Inc. and Young Kim for an Order in favor of Plaintiffs and against Defendant  M.Y. Produce, Inc. and Young Kim in the amount of $10,448.00 for the remaining balance owed pursuant to the Stipulation, plus interest at nine (9%) percent per annum from September 25, 2006, the date of the Stipulation; an amount to be determined, but believed to exceed $8,292.62 for delinquent contributions for the period of

3

September 2007 through January 2008; reasonable attorney's fees, audit fees, accountant's fees, court costs and expenses incurred by the Plaintiffs in this action; (2) on the second cause of action, against Defendant M.Y. Produce, Inc., for an Order in favor of Plaintiffs and against Defendant M.Y. Produce, Inc. for delinquent contributions for the period of September 2007 through January 2008 in an amount to be determined, but believed to exceed $8,292.62; statutory interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all the unpaid contributions, whichever is greater; reasonable attorneys' fees, accounting fees, and the cost of this action; (3) on the third cause of action for breach of fiduciary duty against Defendant Young Kim, for an Order in favor of Plaintiffs and against Defendant Young Kim for delinquent contributions for the period of September 2007 through January 2008 in an amount to be determined, but believed to exceed $8,292.62; statutory interest on all of the unpaid contributions; liquidated damages at the rate of interest on all of the unpaid contributions, or twenty (20%) percent of all the unpaid contributions, whichever is greater; reasonable attorneys' fees, accounting fees, and the cost of this action; and for such other and further relief as the Court deems just and proper; and (4) for an Order that the parties thereafter be directed to appear for an inquest to take an account and determine the amount of damages, interest, liquidated damages, expenses, costs, accounting fees, and attorneys' fees to which the Plaintiffs are entitled pursuant to the judgment of this Court.

MILO SILBERSTEIN (MS 4637)

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE TRUSTEES OF THE UNITED TEAMSTER
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A"

Case No. 07 CV 10476
(TPG) (FM)

                              Plaintiffs,

**CLERK'S CERTIFICATE
OF DEFAULT AGAINST
DEFENDANTS M.Y.
PRODUCE INC. AND
YOUNG KIM**

              -against-

M.Y. PRODUCE, INC. and
YOUNG KIM,

                              Defendants.
-------------------------------------------------------------------X

I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on November 20, 2007 with

the filing of the Summons and Complaint, two (2) copies of the Summons and Complaint were

served on M.Y. Produce, Inc., in this action by personal service upon Carol Vogt, a Clerk in the

Office of the New York Secretary of State, in the City of Albany, State of New York, with the

statutory fee of $40.00 at the time of service on November 29, 2007, a copy of the Summons and

Complaint was served on Defendant Young Kim, an individual Defendant in this action by

personal service upon him, at his place of business located at 264-265 Hunts Point Terminal

Market,  Row B, Bronx, New York 10474 on November 30, 2007, and a copy of the Summons

and Complaint was served on Defendant M.Y. Produce, Inc., at Defendant M.Y. Produce, Inc.'s

actual place of business, by substituted service on Defendant Young Kim, a managing agent and

person of suitable age and discretion, at 264-265 Hunts Point Terminal Market, Row B, Bronx,

New York 10474 on November 30, 2007.

I further certify that the docket entries indicate that Defendants M.Y. Produce, Inc. and Young Kim have not filed an Answer or otherwise moved with respect to the Complaint herein. The default of the Defendants M.Y. Produce, Inc. and Young Kim is hereby noted.

Dated: New York, New York

_____

J. MICHAEL McMAHON
Clerk of the Court

By: _____
        Deputy Clerk

DEALY & SILBERSTEIN, LLP
William J. Dealy (WD 9776)
Milo Silberstein (MS 4736)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs the Trustees of*
*the United Teamster Fund and the Trustees*
*of the United Teamster Pension Fund "A"*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 10476**

------------------------------------------------------------

THE TRUSTEES OF THE UNITED TEAMSTER
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A,"

Case No.

                    Plaintiffs,

**COMPLAINT**
ECF ACTION

**Jury Trial Demanded**

      - against -

M.Y. PRODUCE INC. and YOUNG KIM,

                Defendants.

------------------------------------------------------------X

     Plaintiffs the TRUSTEES OF THE UNITED TEAMSTER FUND and the TRUSTEES

OF THE UNITED TEAMSTER PENSION FUND "A," (collectively, the "Plaintiffs") by their

attorneys, Dealy & Silberstein, LLP, complaining of the Defendants M.Y. PRODUCE INC.

("M.Y. Produce") and YOUNG KIM ("Kim") hereby allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.     This is a civil action brought against the Defendants under the Employee Retirement

     Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

     1132(e)(1), 1132(f), 1145; and the Labor Management Relations Act of 1947, as amended

1

("LMRA"), 29 U.S.C. § 185(a), by employee welfare and pension benefit funds.

2.    This action seeks (1) to recover, inter alia, monies owed pursuant to a Stipulation and

Order of Settlement entered into between the Funds and Defendant M.Y. Produce plus

interest thereon; (2) to recover delinquent health, welfare, and pension contributions

which are owed to the Funds by Defendant M.Y. Produce for the months of September

2007 and October 2007; and (3) to recover delinquent contributions owed to the Funds

resulting from breach of fiduciary duty by Defendant Kim.

3.    Jurisdiction of this Court is invoked under the following statutes:

      a)    ERISA, in sections codified as 29 U.S.C. §§ 1104(a)(1), 1109(a),

            1132(e)(1), 1132(f) and 1145;

      b)    LMRA, in section codified as 29 U.S.C. § 185(a);

      c)    28 U.S.C. § 1331 (federal question);

      d)    28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating

            commerce); and

      e)    28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

4.    Venue properly lies in this district pursuant to section 502(e)(2) of ERISA (29 U.S.C. §

1132(e)(2)). Service of process may be made on Defendants in any other district in which

they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

## THE PARTIES

5.    At all relevant times, Plaintiffs, the Trustees of the United Teamster Fund, have

administered the United Teamster Fund (the "Welfare Fund").

2

6.  The Welfare Fund was established pursuant to collective bargaining agreements in 1949 by Declarations of Trust, which have been amended from time to time (the "Trust Agreements").

7.  The Welfare Fund was formerly known as the Union Welfare Fund - Local 202. The name change was effectuated in 2000 by an amendment to the Trust Agreements.

8.  At all relevant times, Plaintiffs, the Trustees of the United Teamster Pension Fund "A," have administered the United Teamster Pension Fund "A" (the "Pension Fund").

9.  The Pension Fund was established pursuant to collective bargaining agreements in 1957 by Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

10. The Pension Fund was formerly known as the Union Pension Trust Fund - Local 202. The name change was effectuated in 2002 by an amendment to the Trust Agreements. The Welfare Fund and the Pension Fund are referred to collectively herein as the "Funds."

11. The Funds are "employee benefit plans" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of the ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1) and are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

12. The principal place where the Funds are administered is 2137-2147 Utica Avenue, Brooklyn, New York, 11234.

13. The purpose of the Funds is to provide various fringe benefits to eligible employees on

whose behalf employers contribute to the Funds, pursuant to collective bargaining

agreements between employers in the food and produce industry and Local 202,

International Brotherhood of Teamsters, AFL-CIO, (the "Union"). The Funds receive

contributions from, inter alia, employers who are parties to collective bargaining

agreements with the Union, invest and maintain those monies, and distribute pensions

and health and welfare benefits to employees and to beneficiaries eligible to receive them

pursuant to the Funds' plans.

14. The Union is a local labor organization composed of approximately 3,000 members

representing, inter alia, employees of employers who are purveyors, deliverers, receivers

and/or distributors or transporters of perishable food products and/or other commodities

in and around the Greater New York City area.

15. Upon information and belief, Defendant M.Y. Produce was at all relevant times a

corporation duly organized under the laws of the State of New York, with its principal

place of business located at 264-265 Hunts Point Terminal Market, Row B, Bronx, New

York, 10474.

16. Upon information and belief, Defendant Kim was at all relevant times a principal and

corporate officer of Defendant M.Y. Produce, with an address at 249-19 Thornhill

Avenue, Flushing, New York, 11362.

**FACTS**

17. At all relevant times, as a member of the New York Produce Trade Association,

Defendant M.Y. Produce has been a party to several collective bargaining agreements

with the Union, including the Warehouseman Agreement, the Truckmen Agreement, and

4

the Salesmen Agreement (collectively, the "CBA") which cover, inter alia, the wages, terms, and conditions of employment for several categories of employees.

18. Specifically, on November 22, 2004, Defendant M.Y. Produce became a party to the CBA by executing its assent to membership in the New York Produce Trade Association.

19. Pursuant to the CBA, the Trust Agreements and ERISA, at all relevant times Defendant M.Y. Produce was obligated to remit monthly health and welfare and pension contributions to the Funds on behalf of all of its employees working in covered employment.

20. Pursuant to the CBA, at all relevant times, Defendant M.Y. Produce was similarly obligated to submit monthly contribution reports to the Funds describing the hours and days worked by each of its employees working in covered employment.

21. On or about December 13, 2005, the Funds, by its outside accountants, conducted an audit of Defendant M.Y. Produce for the period from December 2004 through December 2005 (the "Audit").

22. Based on the results of the Audit, the Funds determined that for the period covered by the Audit, Defendant M.Y. Produce owed the Funds $33,401.05 for delinquent health and welfare contributions, and $23,911.18 for delinquent pension contributions, inclusive of interest, for a total amount due and owing pursuant to the Audit of $57,312.23.

23. By letter dated December 22, 2005, the Funds notified Defendant M.Y. Produce of the amounts owed pursuant to the Audit.

24. Thereafter, a lawsuit to recover the amounts owed pursuant to the Audit was commenced by the funds on March 9, 2006 against M.Y. Produce and Defendant Kim captioned The

5

Trustees of the United Teamster Fund and the Trustees of the United Teamster Pension

Fund "A" v. M.Y. Produce Inc. and Young Kim, Case No. 06-CV-1875 (the "Prior

Federal Action").

25.    On or about September 25, 2006, the Funds and Defendant M.Y. Produce entered into a

Stipulation and Order of Settlement resolving the Prior Federal Action, whereby

Defendant M.Y. Produce agreed to pay and the Funds agreed to accept payment from

Defendant M.Y. Produce in the cumulative amount of $50,447.24, payable in monthly

installments specified by a payment schedule set forth therein in Paragraph 1 (the

"Stipulation," a copy of which is annexed hereto as Exhibit "1").

26.    Pursuant to Paragraph 1 of the Stipulation, Defendant M.Y. Produce was obligated to

make monthly payments to the Funds commencing on August 15, 2006 as payment for,

inter alia, the benefit fund contributions which were owed to the Funds by Defendant

M.Y. Produce for the period of November 2004 through May 2006 in the cumulative

amount of $50,447.24.

27.    Pursuant to Paragraph 3 of the Stipulation, Defendant M.Y. Produce was further

obligated to remain current on its monthly contributions owed to the Fund.

28.    Pursuant to Paragraph 5 of the Stipulation, Defendant Kim personally guaranteed all of

the monies owed to the Funds pursuant to the Stipulation.

29.    Pursuant to Paragraph 9 of the Stipulation, in the event of a default, the Funds were

obligated to notify Defendant M.Y. Produce of its default.

30.    Pursuant to Paragraph 9 of the Stipulation, Defendant M.Y. Produce would then have five

(5) days after receipt of the notice of default to cure its default.

31.    If Defendant M.Y. Produce failed to cure its default within five (5) days of the receipt of

the notice of default, Paragraph 9 of the Stipulation provides that the following would

occur:

> If M.Y. Produce and/or Young Kim fail to cure said default within
> five (5) business days of the receipt of notification thereof, the
> Funds shall have the right, at their sole option and discretion, to re-
> open the instant litigation within the United States Disctrict Court,
> Southern District of New York, against M.Y. Produce and Young
> Kim, and seek either: (1) recovery of all contributions found to be
> due and owing to the funds, in addition to all other relief requested
> in the Federal Action, including, <u>inter alia</u>, interest on the unpaid
> contributions, and liquidated damages in an amount no greater than
> the rate of interest on unpaid contributions, or twenty (20%)
> percent of all unpaid contributions, whichever is greater, or (2)
> enter judgment against M.Y. Produce and Young Kim for the full
> amount owed to the funds pursuant to Paragraph 1 of the
> Stipulation and Order of Settlement, less credit for any payments
> previously made pursuant to the Stipulation and Order of
> Settlement, and M.Y. Produce and Young Kin shall be jointly and
> severally liable for all reasonable attorney's fees, audit fees, court
> costs and expenses incurred by the Funds to recover the aforesaid
> amount.

32.    Defendant M.Y. Produce failed to make the payments due on September 10, 2007 and

October 10, 2007 pursuant to the Stipulation, in the cumulative amount of $10,448.00,

and was duly defaulted by the Funds.

33.    Defendant M.Y. Produce has failed to cure its default under the Stipulation.

34.    The remaining balance owed to the Funds pursuant to the Stipulation is $10,448.00, plus

interest accrued thereon.

35.    Furthermore, Defendant M.Y. Produce has willfully failed to remit the required health

and welfare and pension contributions and reports for the months of September 2007 and

October 2007 in an amount to be determined at trial, but believed to exceed four thousand

one-hundred forty-six ($4,146.31) dollars and thirty-one cents.

36.     By willfully failing to remit the required health and welfare and pension contributions and

reports to the Funds, Defendant M.Y. Produce has violated the terms of the Stipulation,

the CBA, the Trust Agreements and ERISA.

37.     Upon information and belief, as a principal and corporate officer of Defendant M.Y.

Produce, Defendant Kim was at all relevant times vested with the authority and control

over the submission of the required monthly payments on behalf of Defendant M.Y.

Produce to the Funds.

## AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS M.Y. PRODUCE AND YOUNG KIM - BREACH OF CONTRACT

38.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through

37 of the Complaint, as if fully set forth herein.

39.     Pursuant to Paragraph 1 of the Stipulation, Defendant M.Y. Produce was obligated to

make thirteen (13) monthly payments to the Funds in the cumulative amount of

$50,447.24.

40.     Defendant Kim personally guaranteed all of the monies owed pursuant to the Stipulation.

41.     Defendant M.Y. Produce failed to make the payments due on September 10, 2007 in the

amount of $3,000.00 and the payment due on October 10, 2007 in the amount of

$7,448.00 pursuant to the Stipulation, and was duly defaulted by the Funds.

42.     Defendant M.Y. Produce failed to cure its default.

43.     The remaining balance owed pursuant to the Stipulation is $10,448.00, plus interest

accrued thereon.

44.    In addition, pursuant to Paragraph 3 of the Stipulation, Defendant M.Y. Produce was required to remain current in its contributions to the Funds.

45.    Defendant M.Y. Produce failed to remit the required health and welfare and pension contributions and reports for the months of September 2007 and October 2007.

46.    The failure of Defendant M.Y. Produce to timely remit contributions to the Funds constitutes a default under Paragraph 3 of the Stipulation.

47.    Accordingly, Defendant M.Y. Produce and Defendant Kim are liable to the Funds for the remaining balance owed pursuant to the Stipulation, to wit, $10,448.00, plus interest accrued thereon, as well as for the contributions owed for the months of September 2007 and October 2007 in an amount to be determined at trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents, and all reasonable attorneys' fees, court costs and expenses incurred by the Plaintiffs to recover the sums owed pursuant to the Stipulation.

## AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT M.Y. PRODUCE-VIOLATIONS OF CBA, TRUST AGREEMENTS, AND PROVISIONS OF ERISA

48.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 47 of the Complaint, as if fully set forth herein.

49.    Defendant M.Y. Produce has failed to remit the required contributions on behalf of its employees working in covered employment for the months of September 2007 and October 2007.

50.    For the months of September 2007 and October 2007, Defendant M.Y. Produce has similarly failed to report to the Funds its employees who have worked for Defendant

9

M.Y. Produce in the categories set forth in the CBA and/or all of the hours worked by these employees.

51.   Said failure and refusal by Defendant M.Y. Produce to report and make contributions for those employees constitutes a violation of Defendant M.Y. Produce's obligations pursuant to the CBA and the Trust Agreements, and is a violation as well of the provisions of ERISA and the LMRA.  Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii) and 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

52.   As a result of Defendant M.Y. Produce's violations of the CBA, the Trust Agreements, and ERISA, the Funds may be required to deny benefits provided under the Funds' benefit plans to employees of Defendant M.Y. Produce working in covered employment for whom contributions have not been made, thereby causing said employee beneficiaries substantial and irreparable damage, which could create significant litigation by these unreported employees of Defendant M.Y. Produce, who may claim the rights to receive pension benefits and medical coverage from the Funds.

53.   Furthermore, the Funds may be required to provide said employee beneficiaries with benefits, notwithstanding Defendant M.Y. Produce's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are properly being made, all to their substantial and irreparable injury.

54.   Defendant M.Y. Produce owes an amount to be determined at trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents in

unpaid contributions to the Funds for the months of September 2007 and October 2007.

55.    The Trust Agreements, referred to above, provide for the assessment of liquidated

damages at a rate to be set by the Plaintiffs, as well as the expenses incurred in collecting

such delinquent contributions, including attorneys' fees.

56.    Accordingly, Defendant M.Y. Produce is liable to Plaintiffs for delinquent contributions

for the months of September 2007 and October 2007 in an amount to be determined at

trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and

thirty-one cents; liquidated damages at the rate of interest on the unpaid contributions, or

twenty percent (20%) of all of the unpaid contributions, whichever is greater; reasonable

attorneys' fees and the costs of this action.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT KIM - BREACH OF FIDUCIARY DUTY UNDER ERISA

57.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through

56 of this Complaint, as if fully set forth herein.

58.    The terms and conditions of employment contained in the CBA obligate Defendant M.Y.

Produce to make monthly health, welfare, and pension reports and contributions to the

Funds on behalf of each covered employee.

59.    Defendant M.Y. Produce has failed to report to the Funds employees who worked for

Defendant M.Y. Produce in the categories set forth in the CBA and/or all of the hours

worked by reported employees for the months of September 2007 and October 2007.

60.    Upon information and belief, as a corporate principal of Defendant M.Y. Produce,

Defendant Kim is vested with the authority and control over the submission of Defendant

M.Y. Produce's required monthly payments and reports to the Funds, and thus has the responsibility of making the required payments on behalf of Defendant M.Y. Produce to the Funds.

61.    Accordingly, Defendant Kim has held these funds as a fiduciary pursuant to 29 U.S.C. § 1104(a)(1) and was required to discharge his duties solely in the interest of Defendant M.Y. Produce's covered employees and their beneficiaries.

62.    Upon information and belief, Defendant Kim devised a scheme and participated in a conspiracy to evade making contributions to the Funds and to convert the monies due to the Funds pursuant to the CBA for the use of Defendant M.Y. Produce and/or for his own use.

63.    Upon information and belief, once Defendant Kim knowingly and purposefully failed to properly report the employees in covered employment, and failed to make the required contributions to the Funds on their behalf, he exercised authority and control over the Funds' assets.

64.    Upon information and belief, such conversion constitutes a breach of the fiduciary duties possessed by Defendant Kim pursuant to 29 U.S.C. § 1104(a)(1).

65.    Upon information and belief, pursuant to 29 U.S.C. § 1109(a), Defendant Kim, as a fiduciary with respect to the Funds, is personally liable for restoring those profits and assets which have been lost as a result of the breach of his fiduciary duty.

66.    By reason of the foregoing, Plaintiffs have been damaged by Defendant Kim, and Defendant Kim is liable to the Funds for delinquent contributions for the months of September 2007 and October 2007, in an amount to be determined at trial, but believed to

exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents; statutory interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty percent (20%) of all of the unpaid contributions; reasonable attorneys' fees and the costs of this action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

(a)   Award judgment in favor of Plaintiffs and against Defendant M.Y. Produce and Young Kim for the remaining balance owed pursuant to the Stipulation in the amount of $10,448.00, plus interest at nine (9%) percent per annum from September 25, 2006, the date of the Stipulation;

(b)   Award judgment in favor of Plaintiffs and against Defendant M.Y. Produce for contributions owed for the months of September 2007 and October 2007 in an amount to be determined at trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents;

(c)   Award Plaintiffs all reasonable attorneys' fees, audit fees, accountant's fees, audit fees, court costs and expenses incurred by the Plaintiffs in this action.

**ON THE SECOND CAUSE OF ACTION**, that the Court:

(a)   Award judgment in favor of Plaintiffs and against Defendant M.Y. Produce for contributions owed for the months of September 2007 and October 2007  in an amount to be determined at trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents;

    (b)      Award statutory interest on the unpaid contributions;

    (c)      Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

    (d)      Award Plaintiffs reasonable attorneys' fees, accounting fees, and the cost of this action.

**ON THE THIRD CAUSE OF ACTION**, that the Court:

    (a)      Award judgment in favor of Plaintiffs and against Defendant Kim in an amount to be determined at trial, but believed to exceed four thousand one-hundred forty-six ($4,146.31) dollars and thirty-one cents;

    (b)      Award statutory interest on the unpaid contributions;

    (c)      Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

    (d)      Award Plaintiffs interest, reasonable attorneys' fees and the costs of this action.

14

Dated:  New York, New York
        November 19, 2007

                                    Yours, etc.,

                                    DEALY & SILBERSTEIN, LLP

                                    By: _____
                                        Milo Silberstein (MS 4637)
                                        *Attorneys for Plaintiffs the Trustees of the*
                                        *United Teamster Fund and the Trustees of*
                                        *the United Teamster Pension Fund "A"*
                                        225 Broadway, Suite 1405
                                        New York, New York 10007-3001
                                        (212) 385-0066

To:     M.Y. Produce
        264-265 Hunts Point Terminal Market, Row B
        Bronx, New York, 10474

        Young Kim
        President, M.Y. Produce
        249-19 Thornhill Avenue
        Flushing, New York 11362.

        Leonard Kreinces, Esq.
        *Attorney for Defendants M.Y. Produce, Inc.*
        *and Young Kim*
        900 Merchants Concourse, Suite 305
        Westbury, New York 11590

                                    15

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action.

Dated: New York, New York
      November 19, 2007

DEALY & SILBERSTEIN, LLP

By: _____
      Milo Silberstein (MS 4637)
*Attorneys for Plaintiffs the Trustees of the*
*United Teamster Fund and the Trustees of*
*the United Teamster Pension Fund "A"*
225 Broadway, Suite 1405
New York, New York 10007-3001
(212) 385-0066





ERISA, 5,

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE TRUSTEES OF THE UNITED TEAMSTER
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A,"

                    Plaintiffs,

    - against -

M.Y. PRODUCE INC. and YOUNG KIM,

                    Defendants.

------------------------------------------------------------X

Case No. 06 CV 1875
(TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/06

## STIPULATION AND ORDER OF SETTLEMENT

STIPULATION AND ORDER OF SETTLEMENT, made and entered into as of the 9th

day of August 2006 by and among M.Y. PRODUCE INC., YOUNG KIM, THE TRUSTEES OF

THE UNITED TEAMSTER FUND and THE TRUSTEES OF THE UNITED TEAMSTER

PENSION FUND "A" (collectively, the "Funds") with regard to the settlement of the captioned

matter.

## WITNESSETH:

WHEREAS, M.Y. Produce is in the business of purchasing and selling fruit and other

produce and maintains offices, warehouse space and holding space at the Hunts Point New York

City Terminal Market, Bronx, New York, and owns the units located at 264-265 New York City

Terminal Market, Row B, Bronx, New York, 10474 (the "Units"); and

WHEREAS, the Funds are "employee benefit plans" established pursuant to the

Employment Retirement Income Security Act ("ERISA"), which distribute pensions and health

1

and welfare benefits to employees and to beneficiaries eligible to receive them pursuant to the Funds' plans; and

WHEREAS, commencing on or about November 22, 2004, M.Y. Produce became a party to a number of collective bargaining agreements (collectively, the "CBA") with Local 202 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("Local 202"), which, inter alia, require M.Y. Produce to make contributions to the Funds on behalf of its eligible employees; and

WHEREAS, Young Kim is the principal and owner of M.Y. Produce; and

WHEREAS, the Funds have alleged that M.Y. Produce did not remit contributions to the Funds for any period after M.Y. Produce became a party to the CBA; and

WHEREAS, the Funds thereafter brought an action entitled Trustees of the United Teamster Fund and the Trustees of the United Teamster Pension Fund "A" v. M.Y. Produce Inc. and Young Kim, 06 CV 1875 (S.D.N.Y.) (the "Federal Action"), seeking, inter alia, payment for all unpaid contributions allegedly owed to the Funds; and

WHEREAS, the Funds subsequently received $10,000.00 from M.Y. Produce towards the amounts owed for unpaid contributions; and

WHEREAS, the parties, desiring to avoid the burden, uncertainty, delay, expense, and distraction of litigation, have reached a settlement of the Funds' claims against M.Y. Produce and Young Kim in the Federal Action;

NOW, THEREFORE, in consideration of the mutual agreements contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

2

1.  Provided that M.Y. Produce meets the requirements of this Stipulation and Order of

    Settlement and promptly makes all payments due pursuant to this Stipulation and Order

    of Settlement, the Funds have agreed to accept payment from M.Y. Produce in the

    cumulative amount of $50,447.24, consisting of $42,999.24 for health, welfare, and

    pension contributions, interest at the rate of eight percent (8%) in the amount of

    $2,448.00, and $5,000.00 for audit expenses and attorneys' fees, in full satisfaction of any

    and all past due fringe benefit contributions, interest, costs, liquidated damages,

    contractual audit fees, attorneys' fees, audit fees, accounting fees and/or other obligations

    due and owing by M.Y. Produce to the Funds for the period from November 2004

    through May 2006, in accordance with the following schedule:

    a)    $4,000.00, payable on or before August 15, 2006;

    b)    $2,999.24, payable on or before September 15, 2006;

    c)    $3,000.00, payable on or before October 10, 2006;

    d)    $3,000.00, payable on or before November 10, 2006;

    e)    $3,000.00, payable on or before December 10, 2006;

    f)    $3,000.00, payable on or before January 10, 2007;

    g)    $3,000.00, payable on or before February 10, 2007;

    h)    $3,000.00, payable on or before March 10, 2007;

    i)    $3,000.00, payable on or before April 10, 2007;

    j)    $3,000.00, payable on or before May 10, 2007;

    k)    $3,000.00, payable on or before June 10, 2007;

    l)    $3,000.00, payable on or before July 10, 2007;

3

m)   $3,000.00, payable on or before August 10, 2007;

n)   $3,000.00, payable on or before September 10, 2007; and

m)   $7,448.00, consisting of interest on the unpaid contributions at the rate of

eight percent (8%), in the amount of $2,448.00, and $5,000.00 in

accounting costs and attorneys' fees, payable on or before October 10,

2007.

2.   All payments due pursuant to Paragraph 1 of this Stipulation and Order of Settlement

shall be made payable to the order of the "United Teamster Fund" in care of Mr. Richard

Hart, Administrator of the Funds, at the United Teamster Fund, 2137-2147 Utica Avenue,

Brooklyn, New York, 11234, and shall be due on or before the dates specified in

Paragraph 1 above. There shall be no penalty for prepayment of the amounts due.

3.   M.Y. Produce acknowledges that it is required to timely and accurately file all employer

contribution reports and to make all future payment of fringe benefit contributions to the

Funds pursuant to the terms and conditions of the CBA. The failure to timely file

employer contribution reports or remit future payments of fringe benefit contributions to

the Funds shall be considered a default by M.Y. Produce pursuant to this Stipulation and

Order of Settlement.

4.   All payments received shall be first applied towards current contributions owed to the

Funds and then towards the payments due pursuant to this Stipulation and Order of

Settlement.

5.   Young Kim personally guarantees all amounts due and owing to the Funds by M.Y.

4

Produce pursuant to this Stipulation and Order of Settlement.

6.    In the event that any check remitted to the Funds by M.Y. Produce is rejected by the
Funds' bank due to insufficient funds, all payments thereafter must be made by certified
check or bank check.

7.    In the event that M.Y. Produce sells its Units in the New York City Terminal Market, any
and all amounts owed to the Funds pursuant to this Stipulation and Order of Settlement as
of the date of the closing of the sale of the Units (the "Closing") shall immediately
become due and payable to the Funds.  The Funds must be provided five (5) business
days' notice of the Closing, including the date, time, and place of the Closing, and the
identity of the purchasers of the Units.  Payment to the Funds at Closing shall be made by
certified or bank check.

8.    Any payments owed to the Funds pursuant to this Stipulation and Order of Settlement
shall have priority over, and be paid in advance of, any payments made to creditors
pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a- 499t
("PACA").

9.    In the event that any checks made to the Funds are returned for insufficient funds, not
timely received by the Funds, or are otherwise uncollectible, then M.Y. Produce and
Young Kim shall be deemed to be in default of this Stipulation and Order of Settlement.
In the event of such a default, the Funds, through their attorneys, Dealy & Silberstein,
LLP, shall notify M.Y. Produce and Young Kim in the manner provided by Paragraph 9
herein.  If M.Y. Produce and/or Young Kim fail to cure said default within five (5)
business days of the receipt of notification thereof, the Funds shall have the right, at their

5

sole option and discretion, to re-open the instant litigation within the United States District Court, Southern District of New York, against M.Y. Produce and Young Kim, and seek either: (1) recovery of all contributions found to be due and owing to the Funds, in addition to all other relief requested in the Federal Action, including, inter alia, interest on the unpaid contributions, and liquidated damages in an amount no greater than the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater, or (2) enter judgment against M.Y. Produce and Young Kim for the full amount owed to the Funds pursuant to Paragraph 1 of the Stipulation and Order of Settlement, less credit for any payments previously made pursuant to this Stipulation and Order of Settlement, and M.Y. Produce and Young Kim shall be jointly and severally liable for all reasonable attorney's fees, audit fees, court costs and expenses incurred by the Funds to recover the aforesaid amount.

10.    Any and all notices or other communications required or permitted to be given pursuant to the provisions of this Stipulation and Order of Settlement shall be deemed to have been duly given upon being sent by facsimile and first class mail, addressed to the parties at the addresses set forth below (or at such other address as any party may specify by notice to all other parties given as aforesaid):

> For the Funds:    William J. Dealy, Esq.
> Dealy & Silberstein, LLP
> 225 Broadway, Suite 1405
> New York, New York 10007
> Facsimile No. (212) 385-2117
>
> - with a copy to -

6

Mr. Richard Hart
United Teamster Fund
2137-2147 Utica Avenue
Brooklyn, New York 11234
Facsimile No. (718) 252-3632

For M.Y. Produce:        Leonard Kreinces, Esq.
and Young Kim            Kreinces & Rosenberg, P.C.
                         900 Merchants Concourse
                         Westbury, New York 11590
                         Facsimile No. (516) 227-6594

11.    In consideration of the aforementioned payments by M.Y. Produce described in

Paragraph 1 of this Stipulation and Order of Settlement, and other good valuable

consideration, receipt of which is acknowledged, the Funds, for themselves and for their

administrators, trustees, officers, legal representatives and assigns, hereby forever release

and discharge M.Y. Produce, and any of their past, present, or future parent entities,

partners, subsidiaries, shareholders, affiliates, divisions, successors, and any of their past,

present, or future directors, officers, attorneys, agents, trustees, administrators, employees

or assigns (whether acting as agents for M.Y. Produce or in their own individual

capacity), including but not limited to Young Kim, from any and all claims, demands,

causes of action, and liabilities of any kind whatsoever (upon any legal or equitable

theory, whether contractual, common-law, statutory, federal, state, local or otherwise),

whether known or unknown, by reason of any act, omission, transaction, or occurrence

which the Funds ever had, now have or hereafter can, shall or may have against M.Y.

Produce from the period from November 2004 through May 2006, except for those

obligations of M.Y. Produce and Young Kim as described in this Stipulation and Order of

Settlement.

12. In consideration of the settlement of the Federal Action and the execution of the Stipulation and Order of Settlement, together with other good and valuable consideration to be provided to M.Y. Produce and Young Kim, receipt of which is acknowledged, M.Y. Produce and Young Kim, for themselves and for their past, present, or future parent entities, partners, subsidiaries, affiliates, divisions, successors and assigns hereby forever release and discharge the Funds and any of their past, present or future directors, officers, attorneys, agents, trustees, administrators, employees, or assigns (whether acting as agents for the Funds, or in their individual or corporate capacities), from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state, local or otherwise), whether known or unknown, by reason of any act, omission, transaction or occurrence which M.Y. Produce and Young Kim ever had, now have or hereafter can, shall or may have against the Funds from November 2004 through May 2006.

13. This Stipulation and Order of Settlement constitutes the entire agreement between the parties in relation to its subject matter, supersedes all prior agreements between the parties, if any, and may not be altered, amended, modified, superseded, canceled, or terminated except by a writing duly executed by the parties or their attorneys on their behalf. In making and executing this Stipulation and Order of Settlement, neither party relied upon any statement or representation, oral or written, made by the other party to this Stipulation and Order of Settlement with regard to any of the facts involved in any dispute or possible dispute between the parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this

8

Stipulation and Order of Settlement. Each party expressly assumed the risk of any

mistakes of fact, and it is the express intention of each of the parties hereto forever to

settle, adjust and compromise all disputes pertaining to the subject matter of this

Stipulation and Order of Settlement, finally and forever, and without regard to who may

or may not have been correct in their respective understandings of the facts or the law

relating thereto.

14. No waiver of any breach or default hereunder shall be considered valid unless in writing

and signed by the party giving such waiver, and no such waiver shall operate or be

construed as a waiver of any subsequent breach or default of the same or similar nature.

15. If any of the provisions, terms, clauses, or waivers or releases of claims or rights

contained in this Stipulation and Order of Settlement are declared unlawful,

unenforceable, or ineffective in a legal forum of competent jurisdiction, then such

provisions, terms, clauses or waivers or releases of claims or rights shall be deemed

severable, such that all other provisions, terms, clauses and waivers and releases of claims

and rights contained in this Stipulation and Order of Settlement shall remain valid and

binding upon the parties.

16. Each party to this Stipulation and Order of Settlement hereby acknowledges, represents,

and warrants that they are authorized to enter into, execute, deliver, perform and

implement this Stipulation and Order of Settlement, and agrees to indemnify and hold

harmless each other party from all sums which may become due, including costs and

reasonable attorneys' fees, as a result of this representation being false or inaccurate.

17. The parties have cooperated in the drafting and preparation of this Stipulation and Order

9

of Settlement. Neither party may be regarded as its drafter, and in any construction to be made of this Stipulation and Order of Settlement, there shall be no presumption that it should be construed as against the interests of either party.

18.    This Stipulation and Order of Settlement may be executed in multiple counter-parts, each of which, when so executed, shall be an original, but such counter-parts shall together constitute but one and the same instrument.

19.    Subject to the approval of this Court, the above-entitled action shall be discontinued with prejudice with respect to all claims by any party to this action against any other party to this action, and without assessed costs or attorneys' fees against any party except those specifically included herein, subject to re-opening in the event of default as described in Paragraph 6 herein.


SO ORDERED:


_____
U. S. D. J.

9/25/06


10

M.Y. PRODUCE INC.

By: _____

~~Young Kim~~ , an officer
*MYONG KON KIM*

STATE OF  New York    )
                      ) s.s.:
COUNTY OF Bronx       )

On the 8th day of ~~August~~ *Sept.*, 2006, before me personally came ~~Young Kim~~ *MYONG KON KIM*
_____, to me known, who, being by me duly sworn, did depose and say that he
is the ~~President~~ of M.Y. Produce Inc., the corporation described herein, and which
executed the foregoing instrument, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC STEPHEN K. KIM
                Notary Public, State of New York
                No. 01KI4995075
                Qualified in Queens County
                Commission Expires April 20, 2010

_____

~~YOUNG KIM~~, Individually
*MYONG KON KIM*

STATE OF  New York    )
                      ) s.s.:
COUNTY OF Bronx       )

On the 8th of ~~August~~ *Sept*, 2006, before me personally came ~~Young Kim~~, to me *MYONG KON KIM*
known, and known to me to be the individual described herein, and who executed the foregoing
Stipulation and Order of Settlement, and duly acknowledged to me that he executed the same.

Sworn to before me on
the 8th of ~~August~~ *Sept*, 2006

_____

NOTARY PUBLIC STEPHEN K. KIM
                Notary Public, State of New York
                No. 01KI4995075
                Qualified in Queens County
                Commission Expires April 20, 2010        11

THE TRUSTEES OF THE UNITED TEAMSTER FUND,
and THE TRUSTEES OF THE UNITED TEAMSTER PENSION
FUND "A,"

By: _____
        RICHARD HART, Funds Administrator

STATE OF NEW YORK        )
                         ) s.s.:
COUNTY OF                )

On the 13 day of September , 2006, before me personally came Richard Hart, to
me known, and known to me to be the individual described herein, and who executed the
foregoing Stipulation and Order of Settlement, and duly acknowledged to me that he executed
the same.

_____
NOTARY PUBLIC

BELKIS HENRIQUEZ
Notary Public, State of New York
No. 01HE6197551
Qualified in Kings County
Commission Expires April 5, 20 08

12